UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OTHELLO CHEEKS,

      Plaintiff,

-against-

THE CITY OF NEW YORK, FORT WASHINGTON
MENS SHELTER, "JANE DOE" AND "JOHN DOE"

1 'through'10 inclusive, the names of the last
defendants being fictitious, the true names of the
defendants being unknown to the plaintiff,

      Defendants.

CASE NO: 07-CV-5690 (LTS)(FM)

**ANSWER OF DEFENDANT**
**THE CITY OF NEW YORK**

---

Defendant THE CITY OF NEW YORK ("Defendant"), by and through its attorneys, Goldberg Segalla LLP, as and for its Answer to the Complaint brought by OTHELLO CHEEKS ("Plaintiff") states upon information and belief as follows:

### NATURE OF THE ACTION

1. The paragraph labeled "1" contains a general description of Plaintiff's claim for which no response is necessary, but Defendant specifically denies that Plaintiff was deprived of any of his constitutional rights, privileges and immunities.

2. Denies the allegations contained in the paragraph designated as "2" of Plaintiff's Complaint.

### JURISDICTION

3. Denies the allegations contained in the paragraphs designated as "3", "4" and "5" of Plaintiff's Complaint.

## PARTIES

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs designated as "6" and "9" of Plaintiff's Complaint.[1]

5. Denies the allegations contained in the paragraph designated as "7" of Plaintiff's Complaint.

6. Admits only that Defendant THE CITY OF NEW YORK is a municipality in the State of New York, and otherwise denies knowledge or information sufficient to form a belief as to the remaining allegations contained in the paragraphs designated as "10" and "11" of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. Denies the allegations contained in the paragraphs designated as "12", "13", "15", "17", "18", "19", "20", "21", "22" and "23" of Plaintiff's Complaint.

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs designated as "14" and "16" of Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

9. In answer to the paragraph designated as "24" of Plaintiff's Complaint, Defendant repeats, reiterates and realleges paragraphs "1" through "8" of this Answer with the same force and effect as if they were set forth fully and at length herein.

10. Denies the allegations contained in the paragraphs designated as "25", "26", "27" and "28" of Plaintiff's Complaint.

---

[1] Defendant acknowledges that there is no paragraph designated as "8" in plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

11. In answer to the paragraph designated as "29" of Plaintiff's Complaint, Defendant repeats, reiterates and realleges paragraphs "1" through "10" of this Answer with the same force and effect as if they were set forth fully and at length herein.

12. Denies the allegations contained in the paragraphs designated as "30", "31", "32", "33" and "34" of Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

13. In answer to the paragraph designated as "35" of Plaintiff's Complaint, Defendant repeats, reiterates and realleges paragraphs "1" through "12" of this Answer with the same force and effect as if they were set forth fully and at length herein.

14. Denies the allegations contained in the paragraphs designated as "36", "37", "38" and "39" of Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

15. In answer to the paragraph designated as "40" of Plaintiff's Complaint, Defendant repeats, reiterates and realleges paragraphs "1" through "14" of this Answer with the same force and effect as if they were set forth fully and at length herein.

16. Denies the allegations contained in the paragraphs designated as "41", "42", "43", "44" and "45" of Plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

17. In answer to the paragraph designated as "46" of Plaintiff's Complaint, Defendant repeats, reiterates and realleges paragraphs "1" through "16" of this Answer with the same force and effect as if they were set forth fully and at length herein.

18. Denies the allegations contained in the paragraphs designated as "47", "48" and "49" of Plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to secure personal jurisdiction in his cause of action over Defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The allegations contained in the Complaint fail to state a claim upon which relief can be granted against Defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The allegations contained in the Complaint fail to state a claim against Defendant in its individual capacity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The allegations contained in the Complaint fail to state a claim upon which relief can be granted for punitive damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against a municipality is not recoverable as a matter of law and, therefore, such claim is barred.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover the punitive damages demanded in the Complaint as the awarding of same would be in violation of Defendant's rights under the Constitution of the United States of America and under the Constitution of the State of New York and more

particularly, but not exclusively, in violation of Defendant's right to substantive and procedural due process.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

The causes of action instituted against Defendant must be dismissed as a matter of law, due to Plaintiff's failure to comply with the provisions set forth in the General Municipal Law relative to filing a timely Notice of Claim and other requirements set forth therein.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff waived the causes of action alleged in the Complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Defendant is entitled to qualified immunity and therefore this action is barred.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Defendant is a municipal corporation and is not subject to liability under a respondeat superior theory under 42 U.S.C. §1983. Therefore, this cause of action must be dismissed.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Upon information and belief, there is no state action and/or no state actors involved and therefore 42 U.S.C. §1983 and 42 U.S.C. §1985 do not apply to this case.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The allegations of the Complaint fail to state a cause of action as against Defendant upon which relief may be granted.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly set forth those allegations constituting violations of 42 U.S.C. §1983 as it applies to Defendant and, therefore, this claim is barred.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly set forth those allegations constituting violations of 42 U.S.C. §1985 as it applies to Defendant and, therefore, this claim is barred.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly set forth those allegations constituting violations of Article 1, Section 12 of the New York State Constitution as it applies to Defendant and, therefore, this claim is barred.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly set forth those allegations constituting violations of the Eighth Amendment to the Constitution of the United States as it applies to Defendant and, therefore, this claim is barred.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly set forth those allegations constituting violations of the Fourteenth Amendment to the Constitution of the United States as it applies to Defendant and, therefore, this claim is barred.

### AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to adequately allege a custom, policy or practice of the City of New York which caused or contributed to the deprivation of any constitutional rights set forth in the Complaint and, therefore, this claim is barred.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's allegations are false and violative of Rule 11 of the Federal Rules of Civil Procedure entitling Defendant to sanctions.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to set forth sufficient facts to allege deprivation and violation of rights, privileges and immunities or violation of clearly established constitutional rights pursuant to any government or municipal custom, practice policy, law or regulation.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Upon information and belief, Defendant is a market participant and therefore Plaintiff's claims are barred.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Upon information and belief, if the plaintiff sustained any injuries or damages as alleged in the Complaint, such injuries and damages were caused in whole or in part or were contributed to by plaintiff's own culpable conduct, contributory negligence and want of care, without any culpable conduct, negligence or want of care on the part of Defendant, and the amount of damages recoverable by plaintiff, if any, should be diminished in whole or in part, in proportion to plaintiff's own culpable conduct.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of its alleged damages and on that account Defendant is not liable to Plaintiff.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the damages allegedly sustained by Plaintiff were caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time, over whom Defendant had no control at any time relevant hereto, and in the event Defendant is found liable to Plaintiff, which liability is expressly denied, Defendant will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff were not proximately caused by any alleged negligence or culpable conduct on the part of Defendant.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's damages were caused and brought about by an intervening and superseding cause and were not caused by or contributed to by Defendant or by a person, agent, servant, employee or entity for whom Defendant is responsible.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and/or damages alleged in the Complaint.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

The liability of Defendant, if any, is fifty percent or less of the total liability of all persons or entities liable, thus entitling Defendant to the limitations of liability provided under Article 16 of the Civil Practice Law and Rules.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

That the plaintiff could, with due diligence, have obtained personal jurisdiction over tort feasors not a party to this lawsuit and thus the culpability of these missing or absent tort feasors may be computed into the apportionment of total culpability causing the subject occurrence.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of Plaintiff's failure to join necessary and indispensable parties.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has or will receive reimbursement for past and/or future medical or dental care, loss of earnings and/or other economic loss and defendants are entitled to a reduction of part or all of such costs, expenses and/or losses from any verdict or judgment obtained by plaintiff against the defendants.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

Pursuant to CPLR 4545, the amount of any judgment in favor of Plaintiff must be reduced by the amount Plaintiff receives or with reasonable certainty will receive from any collateral source.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, and to the extent applicable, the guard defendants alleged in the Complaint did not act in the scope or in the furtherance of their employment with Defendant and, therefore, the cause of action for respondeat superior cannot be maintained against Defendant.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendant did not authorize and/or ratify the actions of the guard defendants alleged in the Complaint and, therefore, this action cannot be maintained against Defendant.

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, there is no proper basis upon which the Court may assert jurisdiction over Defendant.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs have alleged vague and undefined standards of liability, and any award of punitive damage, upon information and belief, would violate the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, any award of punitive damages would be in denial of Defendant's rights to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, as the absence of adequate and objective standards for the assessment of punitive damages fails to ensure the equality of treatment between similarly situated civil defendants and equality of treatment between criminal defendants and civil defendants.

### AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

Upon information and belief, any award of punitive damages would violate Defendant's Due Process Rights embraced by the Fifth and Fourteenth Amendments to the United States Constitution, as a punitive damage award would constitute a deprivation of property without due process.

### AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

Upon information and belief, any award of punitive damages would violate the Commerce Clause of Article I of the United States Constitution, constituting an undue and unreasonable burden on interstate commerce, and to the extent it punishes acts or omissions that occurred outside of state boundaries

### AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

Upon information and belief, an award of punitive damages in this action would contravene the constitutional prohibitions against ex post facto laws.

### AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

In the event there has been or will be a settlement between Plaintiff and any joint tortfeasor, Defendant pleads and seeks the full benefit of §15-108 of the General Obligations Law.

### AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

Defendant's conduct was not reckless, malicious, willful, or grossly negligent and, consequently, Plaintiff is not entitled to punitive damages.

### AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendant reserves its right to assert any additional affirmative defenses and claims of avoidance as may be appropriate based upon the facts and issues disclosed during the course of additional investigation and discovery.

**WHEREFORE**, Defendant THE CITY OF NEW YORK demands judgment (1) dismissing Plaintiff's complaint; (2) diminishing Plaintiff's damages in the proportion which the culpable conduct and contributory negligence attributed to Plaintiff bears to the culpable conduct and negligence which caused such damages; together with the costs and disbursements of this action and any other additional or other relief as the Court deems just and proper.

DATED:   White Plains, New York
         October 8, 2007

GOLDBERG SEGALLA LLP

By: _____
SUZIN RASO, ESQ. [5426]
*Attorneys for Defendant*
*The City of New York*
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
Tel: (914) 798-5400
Fax: (914) 798-5401
File No.: 13900.0345

TO:  NKEREUWEM UMOH, ESQ. [7233]
 ***Attorney for Plaintiff***
 ***Othello Cheeks***
 255 Livingston Street, 4th Floor
 Brooklyn, New York 11217
 Tel: (718) 360-0527
 Fax: (718) 360-1916

87931.2

## CERTIFICATE OF SERVICE

I hereby certify that I have filed via ECF and mailed the foregoing Answer, by the United States Postal Service, on October 8, 2007 to the following:

NKEREUWEM UMOH, ESQ. [7233]
*Attorney for Plaintiff*
*Othello Cheeks*
255 Livingston Street, 4th Floor
Brooklyn, New York 11217
Tel: (718) 360-0527
Fax: (718) 360-1916

                                          GOLDBERG SEGALLA LLP

                                          By: _____
                                          SUZIN RASO, ESQ. [5426]
                                          *Attorneys for Defendant*
                                          *The City of New York*
                                          170 Hamilton Avenue, Suite 203
                                          White Plains, New York 10601
                                          Tel: (914) 798-5400
                                          Fax: (914) 798-5401
                                          File No.: 13900.0345

87931.2