UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

OTHELLO CHEEKS,                                                                                  07CV5690 (LTS)

                           Plaintiff,                                                                    **ANSWER**

     -against-

THE CITY OF NEW YORK; FORT WASHINGTON
MEN'S SHELTER; PROJECT RENEWAL; NEW YORK
CITY DEPARTMENT OF HOMELESS SERVICES; "JANE
DOE" AND "JOHN DOE" 1 through 10, inclusive, the names
of the last defendants being fictitious, the true names of the
defendants being unknown to the plaintiff.

                           Defendants.
------------------------------------------------------------------------X

       Defendants, THE CITY OF NEW YORK; FORT WASHINGTON MEN'S SHELTER; PROJECT RENEWAL; and NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES; (hereinafter collectively "the CITY"), by their attorneys, BIEDERMANN, REIF, HOENIG & RUFF, P.C., for their Answer to plaintiff's Amended Complaint, filed on or about June 25, 2007, allege upon information and belief as follows:

       1.     Deny the allegations contained in paragraphs "1" through "5", inclusive, of the Complaint.

       2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "6" and "7", inclusive, of the Complaint.

       3.     Paragraph 8 of the Complaint having been omitted, deny the allegations contained in paragraph "9", inclusive, of the Complaint.

4. Deny the allegations contained in paragraph "10" of the Complaint, except admit that the City of New York is a municipality in the State of New York.

5. Deny the allegations contained in paragraphs "11", "12", and "13", inclusive, of the Complaint., except Admit that the Defendant Project Renewal operated the Fort Washington Shelter as a contractor to the City of New York acting through its Department of Homeless Services.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "14" of the Complaint.

7. Deny the allegations contained in paragraph "15" of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

9. Deny the allegations contained in paragraphs "17" through "23", inclusive, of the Complaint.

10. Repeat and reallege each and every allegation contained in paragraphs one (1) through nine (9), inclusive, of this Answer as if made herein at length.

11. Deny the allegations contained in paragraphs "25" through "28", inclusive, of the Complaint.

12. Repeat and reallege each and every allegation contained in paragraphs one (1) through eleven (11), inclusive, of this Answer as if made herein at length.

13. Deny the allegations contained in paragraphs "30" through "34", inclusive, of the Complaint.

14. Repeat and reallege each and every allegation contained in paragraphs one (1) through thirteen (13), inclusive, of this Answer as if made herein at length.

15. Deny the allegations contained in paragraphs "36" through "39", inclusive, of the Complaint.

16. Repeat and reallege each and every allegation contained in paragraphs one (1) through fifteen (15), inclusive, of this Answer as if made herein at length.

17. Deny the allegations contained in paragraphs "41" through "45", inclusive, of the Complaint.

18. Repeat and reallege each and every allegation contained in paragraphs one (1) through seventeen (17), inclusive, of this Answer as if made herein at length.

19. Deny the allegations contained in paragraphs "41" through "49", inclusive, of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

20. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

21. Plaintiff's claims are all barred by the Statute of Limitations.

## THIRD AFFIRMATIVE DEFENSE

22. This Court lacks jurisdiction over the subject matter of the complaint.

## FOURTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims are all barred by his failure to submit a Notice of Claim to the City of New York within 90 days after his claims arose.

## FIFTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are all barred by his failure to submit a Notice of Claim to the City of New York within 60 days after May 3, 2006, as provided by order of the Supreme Court of the

State of New York, County of New York, Hon. Paul George Feinman, Index No. 400471/06.

### SIXTH AFFIRMATIVE DEFENSE

25.     Plaintiff's claims are all barred by his failure to state the date on which his claims arose in the Notice of Claim submitted to the City on April 16, 2007.

### SEVENTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims are barred by the doctrine of governmental immunity.

### EIGHTH AFFIRMATIVE DEFENSE

27.     This Court lacks jurisdiction over the person of the defendants because of improper service in that it was served without a proper summons.

**WHEREFORE**, Defendants THE CITY OF NEW YORK; FORT WASHINGTON MEN'S SHELTER; PROJECT RENEWAL; and NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES**,** demand judgment dismissing the Complaint with prejudice together with the costs, disbursements, and fees, including reasonable attorneys fees, of the defense of this action.

Dated: New York, New York
      October 12, 2007

Yours, &tc.

**BIEDERMANN, REIF, HOENIG & RUFF,** P.C.

By:_____
    Daniel F. Hayes (DH7552)
    Of Counsel
    Attorneys for Defendants
    THE CITY OF NEW YORK; FORT WASHINGTON MEN'S SHELTER; PROJECT RENEWAL; and NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES
    570 Lexington Avenue
    16th Floor
    New York, New York  10022
    (212) 697-6555
    (212) 986-3509 fax
    dhayes@bhmr.com

**TO:** Nkereuwem Umoh, Esq.
    255 Livingston Street
    4th Floor
    Brooklyn, New York 11217
    (718) 360-0527
    (718) 360-1916 fax
    Attorneys for Plaintiff
    Othello Cheeks