UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
――――――――――――――――――――――――x

OTHELLO CHEEKS,

                    Plaintiff,          No. 07 Civ. 5690 (LTS)(FM)

      - against -          **PRELIMINARY**
                                                                                           **PRE-TRIAL STATEMENT**

CITY OF NEW YORK, FORT WASHINGTON
MENS SHELTER; PROJECT RENEWAL; NEW
YORK CITY DEPARTMENT OF HOMELESS
SERVICES; "JANE DOE" and "JOHN DOE",

1 'through' 10 inclusive, the names of the last
defendants being fictitious, the true names of the
defendants being unknown to the plaintiff.

                    Defendants.
――――――――――――――――――――――――x

**TO THE HONORABLE LAURA SWAIN,
UNITED STATES DISTRICT JUDGE:**

      The parties having conferred among themselves pursuant to Fed. R. Civ. P. 26 (f) and the Court's Preliminary Pre-Trial Order of June 19, 2007, the following Preliminary Pre-Trial Statement is hereby submitted for the Court's consideration:

(a)     **Statement of the Nature of the Action**

Plaintiff's Statement:
On or about June 10, 2005, Plaintiff Othello Cheeks was a resident at the Fort Washington Men's Shelter. While attending to his belongings he was attacked by another resident of the shelter and stabbed during this attack. This attack took place before several guards at the shelter that allowed the attack to take place because they said they lacked the equipment to protect him.

Defendants Statement:
Plaintiff was a resident of Fort Washington Men's Shelter on July 9, 2005. Plaintiff was involved in a physical altercation with another resident at the Shelter. Plaintiff was not taking his medication prior to the incident. Both Plaintiff and the other resident were injured in the fight and both were taken to the hospital. Defendants have no knowledge of any employees that were employed as guards, as claimed by Plaintiff. As such, Defendants object to Plaintiff's characterization of the statements by individuals allegedly in the employ of the Shelter as guards. Furthermore, Defendants are unaware of any alleged attack taking place on June 10, 2005.

**(b)    Statement of the Basis of this Court's Jurisdiction over the Action**

Plaintiff's Statement:
This incident took place in Manhattan on 651 West 168 Street, New York, NY, within the court's jurisdiction. Jurisdiction on the defendants was obtained with service on them on June 18, 2007, and on their agent on June 22, 2007. This matter invokes federal law because the defendants of the nexus to the state, with the defendants performing state functions.

Defendants' Statement:
It is respectfully submitted that this Court lacks subject matter jurisdiction in this case because this action implicates state common law claims. Although Plaintiff alleges violations of the Eighth Amendment, 42 U.S.C. § 1983 and 42 U.S.C. § 1985, these claims are legally deficient and Defendants will seek dismissal and remand of this case to state court because this case does not implicate any of the rights protected by the Eighth Amendment, 42 U.S.C. § 1983 or 42 U.S.C. § 1985.

**(c)    Statement of All Material Uncontested or Admitted Facts**

Plaintiff was a resident of Fort Washington Men's Shelter on or about July 9, 2005. Plaintiff was involved in a physical altercation with another resident at the Shelter. Plaintiff was not taking his medication prior to the incident. Both Plaintiff and the other resident were injured in the fight and both were taken to the hospital.

**(d)    Statement of All Uncontested Legal Issues**

Plaintiff's Statement:

1. Defendants had a duty to prevent plaintiff from being assaulted by residents of the shelter and breached their duty.

Defendants' Statement:

1. Plaintiff failed to commence an action against Defendants The City of New York and New York City Department of Homeless Services within one year and ninety days from the date of the alleged incident on July 10, 2005.

2. Punitive damages may not be assessed against Defendants The City of New York and New York City Department of Homeless Services under State or Federal Law.

**(e)    Statement of All Legal Issues to be Decided by the Court**

Plaintiff's Statement:
Whether the defendants violated plaintiff's civil rights by failing to protect Plaintiff from an assault on their premises by one of their residents. The defendants contest service as improper.

Defendants allege that jurisdiction the defendants was not properly obtained. That plaintiff did not properly assert his claim with the Comptroller against the City of New York because the day of the incident is omitted from his claim, thus defendants assert that his claims is defective.

Defendants' Statement:
As a preliminary matter, this Court must decide whether Plaintiff stated a claim under the Eighth Amendment, since Plaintiff's allegations do not support such a claim.

Additionally, other legal issues to be decided by the Court include:

1. Whether Plaintiff timely filed his state and federal law claims.

2. Whether Plaintiff's state and federal law claims are barred by the applicable statutes of limitations.

3. Whether Plaintiff complied with the Notice of Claim provisions pursuant to New York's General Municipal Law § 50-e.

4. Whether Defendants The City of New York and New York City Department of Homeless Services are entitled to governmental immunity from liability.

5. Whether Plaintiff has adequately stated a claim upon which relief can be granted.

6. Whether there was a violation of any of Plaintiff's constitutional rights.

7. Whether Plaintiff can establish any policy or practice that caused the alleged deprivation of his constitutional rights.

8. Whether Plaintiff can establish that any negligent hiring, training or retention caused the alleged deprivation of Plaintiff's constitutional rights.

9. Whether any conduct by the Defendants was the proximate cause of any injury to Plaintiff under state and/or federal law.

10. Whether Plaintiff's status as a voluntary resident at the Shelter is sufficient to implicate the Eighth Amendment, absent allegations of incarceration or other official confinement.

11. Whether the actions by Defendant Project Renewal as a private entity, and as an operator of the Shelter on behalf of the City of New York, constitutes state actions.

12. Whether punitive damages are obtainable as against Defendants The City of New York and New York City Department of Homeless Services.

13. Whether there are material issues of fact that would preclude summary judgment.

(f)    **Each Party's Statement of Material Disputed Facts**

Plaintiff's Statement:

On or about June 10, 2005, Plaintiff Othello Cheeks was a resident at the Fort Washington Men's Shelter. While attending to his belongings he was attacked by another resident of the shelter and stabbed during this attack. This attack took place before several guards at the shelter that allowed the attack to take place because they said they lacked the equipment to protect him.

Defendants' Statement:
Defendants deny Plaintiff's account of the events and allegations as set forth in the Complaint.

Plaintiff was a resident of Fort Washington Men's Shelter on July 9, 2005. Plaintiff was involved in a physical altercation with another resident at the Shelter. Plaintiff was not taking his medication prior to the incident. The NYPD and EMS were called and responded to the Shelter. Both Plaintiff and the other resident were injured in the fight and both were taken to the hospital. Upon information and belief, Plaintiff was admitted to the hospital for psychiatric treatment for schizophrenia. Defendants are unaware of any alleged attack taking place on June 10, 2005.

(g)    **Statement by Plaintiff and each Counterclaimant of the Legal Basis of Each Cause of Action Asserted, Including Citations to All Statutes, Federal Rules of Civil Procedure, Other Rules and Case Law to be Relied Upon by such Plaintiff or Counterclaimant**

Plaintiff's Statement:

§1983, the Eight Amendment and the common law of New York provides that the defendants have to duty to protect the residents in their care. The defendants failed to do this, and failed to stop an assault that occurred before them, and as such is liable for plaintiff's injuries.

Defendants' Statement:
N/A

(h)    **Each Party's Statement of the Legal Basis of Each Defense Asserted or Expected to be Asserted by such Party, Including Citations to All Statutes, and Other Applicable Regulatory and Judicial Authority to be Relied on by Such Party**

Plaintiff's Statement:
N/A

Defendants' Statement:

    1.    The Complaint fails to state a claim upon which relief can be granted. *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d. Cir. 1985).

2. The Complaint fails to state a claim under the Eighth Amendment, 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

3. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York providing for the protection of civil rights.

4. Any injuries alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties, and was not the proximate result of any act of the Defendants.

5. Defendants The City of New York and New York City Department of Homeless Services are entitled to qualified immunity. *Miller v. City of New York*, 2007 WL 1062505, * 10 (E.D.N.Y. Mar. 30, 2007); *Saucier v. Katz*, 533 U.S. 194 (2001).

6. Plaintiff cannot state a § 1983 or § 1985 claim against Defendants The City of New York and New York City Department of Homeless Services because he cannot establish a constitutional violation, let alone an unconstitutional municipal policy, practice or custom. *See Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985), *cert denied*, 480 U.S. 916 (1987).

7. Plaintiff has not complied with General Municipal Law § 50 and therefore all state law causes of action are barred. *See* N.Y. Gen. M. Law §§ 50-e and 50-i; *Corcoran v. New York Power Auth.*, 202 F.3d 530, 541 (2d Cir. 1999); *Miller v. City of New York*, 2007 WL 1062505, * 10 (E.D.N.Y. Mar. 30, 2007).

8. Plaintiff's state law claims are barred by the applicable statutes of limitations. *See* N.Y. Gen. M. Law §§ 50-e and 50-i; *Smith v. City of New York*, 388 F.Supp.2d 179 (S.D.N.Y. Jan. 11, 2005).

9. Punitive damages are not obtainable as against Defendants The City of New York and New York City Department of Homeless Services. *Tout v. County of Erie*, 1998 WL 683770, *6 (W.D.N.Y. Sept. 9, 1998).

(i) **Statement of the Measure of Proof and on Whom the Burden of Proof Falls as to Each Cause of Action or Defense**

Plaintiff's Statement:
As to the claims asserted in the Complaint, including the alleged constitutional violations, Plaintiff has the burden of proof by a preponderance of the evidence.

Defendants' Statement:
As to the defense of qualified immunity, Defendants have the burden of proof.

(j) **Whether and to What Extent Amendments to Pleadings and/or the Addition or Substitution of Parties will be Required, and Proposed Deadlines**

Plaintiff's Statement:
Amendment to the caption to change the names of John Does to named parties. 30 days from the receipt of the names of the guards on duty when Plaintiff was injured.

Defendants' Statement:
Defendants consent to Plaintiff's amendment to the caption to change the names of "John Does" only to the extent Plaintiff can identify specific individuals in Defendants' employ as guards at the time of the incident alleged in the complaint.

(k) **Statement as to Whether All Parties Consent to Transfer of the Case to a Magistrate Judge for all Purposes, Including Trial**

The parties do not consent to a trial of this matter by a Magistrate Judge.

(l) **What, if any, Changes Should be Made in the Timing, Form or Requirement for Disclosures under Fed. R. Civ. P. 26 (a), Including a Statement as to When Any Disclosures Required Under Fed. R. Civ. P. 26 (a) Were Made or Will be Made**

Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be made by February 5, 2008.

(m) **Subjects on Which Disclosure May be Needed and a Proposed Discovery Cut-Off Date**

Plaintiff's Statement:
Plaintiff seeks disclosure of training and retention policies, relationship with Project Renewal and the City of New York, prior assaults at Fort Washington and the names of guards and/or employees on duty during plaintiff's assault. End of fact discovery: July 31, 2008.

Defendants' Statement:
Defendants' contemplated discovery includes, but is not limited to the following:

1. Document discovery and interrogatory requests.

2. Deposition of the Plaintiff.

3. Documents establishing the occurrence of the incident as alleged, including ambulance reports, accident reports, and witness statements.

4. Defendants' will seek disclosure of Plaintiff's complete medical and psychiatric history for the past ten (10) years, including those medical and psychiatric records regarding his personal injury claims arising from the alleged incident.

5. Defendants' will seek documentation regarding Plaintiff's arrest and criminal history, if any, for the past ten (10) years.

6. Based on Plaintiff's lost wages claim, Defendants' will seek records of any employer who employed Plaintiff for the past ten (10) years.

7. Based on Plaintiff's lost wages claim, Defendants' will seek Plaintiff's federal and state income tax returns since the date of the alleged incident, and for the five (5) years prior to the date of the alleged incident.

8. Defendants' will seek documentation regarding insurance carriers, including Medicaid and Medicare, with whom Plaintiff has made claims within the last five (5) years.

9. Defendants' will seek documentation regarding Plaintiff's social security disability records, if any, for the past ten (10) years.

10. Depositions of any non-parties identified by Plaintiff or as the result of document or other discovery conducted by the parties.

11. Depositions of any physicians that may have treated Plaintiff as a result of the alleged incident.

12. Depositions of Plaintiff's expert witnesses, if any.

Proposed date for the Completion of Factual Discovery:    July 31, 2008.

Proposed date for the Completion of Expert Discovery:    October 31, 2008

Defendants submit that the deadline for Expert Discovery be revisited at the close of Factual Discovery.


### (n) Whether and to What Extent Expert Evidence Will be Required, and Proposed Deadlines for Expert Discovery

Plaintiff's Statement:
30 days after the end of fact discovery. Testimony to as to Plaintiff's physical and emotional injuries.

Defendants' Statement:
At this time, Defendants' are not in receipt of any medical records or authorizations to obtain Plaintiff's medical records. Defendants' anticipate that expert medical testimony will be required

and reserve their rights to retain expert witnesses in this matter. Depending on the fact discovery elicited, however, Defendants may wish to submit a dispositive motion while holding expert discovery in abeyance.

(o)    **What, if any, Changes Should be Made in the Limitations on Discovery Imposed Under the Federal Rules of Civil Procedure or the Local Rules of Court, and What Other Limitations Should be Imposed**

Plaintiff's Statement:
No more than 25 interrogatories, including subparts.
No more than 25 Notices to admit, including subparts.

Defendants' Statement:
Defendants consent to Plaintiff's limitations set forth above. Additionally Defendants request that Local Rule 33.3 should not apply to this case.

(p)    **Status of Settlement Discussions and the Prospects for Settlement of the Action in Whole or in Part, Provided that the Preliminary Pre-Trial Statement Shall Not Disclose to the Court Specific Settlement Offers or Demands**

Plaintiff's Statement:
Plaintiff has made a demand to the defendants.

Defendants' Statement:
No settlement discussions have taken place at this time.

(q)    **Statement by Each Party as to Whether the Case is to be Tried With or Without a Jury, and the Number of Trial Days Expected to be Needed for Presentation of That Party's Case**

The parties agree that this case is to be tried with a jury.

Plaintiff's Statement:
Two to three days

Defendants' Statement:
The Defendants' anticipate the trial to last approximately three to four days.

(r)    **Any Other Orders that Should be Entered by the Court Under Fed. R. Civ. P. 26 (c) or Fed. R. Civ. P. 16 (b) and (c)**

None at this time.

The parties, through their respective counsel, reserve their right to amend and supplement this Preliminary Pre-Trial Statement.

By: /s/ _____
NKEREUWEM UMOH, (NU 7233)
**Attorney for Plaintiff**
*Othello Cheeks*
255 Livingston Street, 4th Floor
Brooklyn, NY 11217
718-360-0527

By: /s/ _____
SUZIN L. RASO (SR-5426)
GOLDBERG SEGALLA LLP
**Attorneys for Defendants**
*The City of New York, Fort Washington Mens Shelter, Project Renewal, and New York*
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
(914) 798-5400
GS File No.: 13900.0345